JESSIE E. WHIPP *vs.* JAMES S. CASEY.

PROVIDENCE—JANUARY 3, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)　*Trespass and Ejectment. Bond. Jury Trial. Rights of Parties as Affected by failure to perfect Appeal within Statutory Time.*

Neglect to file the bond required by Gen. Laws R. I. cap. 237, § 9, by a defendant upon a claim for jury trial, in an action of trespass and ejectment commenced in a District Court, within the six hours limited by the statute does not invalidate the obligation, and the bond is binding upon the surety, the principal having failed to perform its condition.

(2) *Action on Bond. Release of Surety.*

An action of trespass and ejectment was pending in the Common Pleas Division upon claim for jury trial, after decision in a District Court. The record disclosed that the defendant in ejectment submitted to judgment for the plaintiff in ejectment for possession without costs.

Upon an action brought upon the bond, given under the provisions of Gen. Laws R. I. cap. 237 § 9, by the defendant in ejectment as principal and the principal defendant as surety, against the surety:—

*Held,* that no reference to the bond being made in the submission, and there being nothing to indicate that the liability of the defendant in ejectment or his surety (the principal defendant) was in any way involved in the submission, the court could not infer from the record that the present plaintiff waived any rights under the bond.

(3) *Pleading and Practice at Law. Joint and Several Obligations.*

Upon a joint and several bond a plaintiff may proceed against the parties separately, and a party defendant cannot compel the joinder of the other obligors.

DEBT ON BOND given under the provisions of Gen. Laws R. I. cap. 237, § 9, by a defendant in ejectment as principal and the present defendant as surety. The facts are fully stated in the opinion. Heard on motion of defendant in arrest of judgment. Motion denied.

MATTESON, C. J. This is an action of debt on a bond given to the plaintiff by one Peter Casey as principal and the defendant as surety. The case is before us on the defendant's motion in arrest of judgment.

(1) The plaintiff, on July 12, 1897, at one o'clock P. M., obtained a decision in her favor by the District Court of the Sixth Judicial District, in an action of trespass and ejectment brought by her against said Peter Casey for the recovery of the possession of a tenement let. The defendant in that suit claimed a jury trial, and the bond was given by the defendant in that suit to answer the requirement of Gen. Laws R. I. cap. 237, § 9, which provides, among other things, that the defendant in an action for the possession of a tenement let shall give bond to the plaintiff, with one or more sureties satisfactory to the District Court, to pay all rent or other moneys due or which may become due pending the action under the tenancy, and such damages and costs as may be

awarded against him. The bond, however, was not filed within six hours after the decision, as required by the first proviso to Gen. Laws R. I. cap. 237, § 7, but was filed, with the plaintiff's consent, on July 14, 1897.

The defendant contends that the bond is a nullity because not given within the period of six hours after the decision, as required by statute. We do not think that the contention is valid. Whatever may have been the effect of the delay in giving the bond on the taking of the case to the Common Pleas Division for jury trial, we think the bond is nevertheless a valid obligation and binds the defendant, the principal having failed to perform its condition. *Easton* v. *Ormsby*, 18 R. I. 309.

(2) The defendant's second claim is that the plaintiff and the said Peter Casey came to a settlement after the making of the bond, by which the said Peter in the Common Pleas Division submitted to judgment for possession of the tenement without costs, and that thereby the plaintiff waived all rights under the bond. The only evidence of any agreement between the parties shown by the record is that the defendant Peter Casey submitted to judgment for the plaintiff for possession without costs. There is no reference to the bond in the record of the submission, and nothing to indicate that the liability of the defendant or his surety was in any way involved in the submission. The only inference as to any agreement which can be drawn is that the defendant agreed to submit to judgment for possession on condition that the plaintiff should recover no costs, and that the plaintiff assented to this condition.

(3) An inspection of the bond shows that it is joint and several, and hence the defendant's claim, even if he is entitled to urge it in the state of the pleadings, that the said Peter Casey should be joined as a defendant is without force.

Motion in arrest overruled, and case remitted to the Common Pleas Division for further proceedings.

*Edward D. V. O'Connor and Charles J. O'Connor*, for plaintiff.

*Hugh J. Carroll*, for defendant.